Kenneth P. Jacobus
Kenneth P. Jacobus, P.C.
310 K Street, Suite 200
Anchorage AK 99501-2064
(907) 277-3333 Phone
(907) 264-6666 Fax
kpjlaw@yahoo.com
Local Counsel for Plaintiff

Allan S. Rubin
Draper and Rubin, PLC
29800 Telegraph Road
Southfield MI 48034
(248) 358-9400 Phone
(248) 358-9729
allan@draper-rubin.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Sands North, Inc. | ) | |
|     Plaintiff | ) | Case No.  A-05-0256-CV (JKS) |
| vs | ) | |
| | ) | |
| Municipality of Anchorage, | ) | |
| | ) | |
|     Defendant | ) | SCHEDULING AND PLANNING |
| | ) | CONFERENCE REPORT |

1.      **Meeting**. In accordance with F.R.Civ.P. 26(f), telephonic meetings were held on various dates and were attended by:

    Kenneth Jacobus        attorney for plaintiff Sands North, Inc.

    Allan S. Rubin          attorney for plaintiff Sands North, Inc.

    Thomas M. McDermott    attorney for defendant Municipality of Anchorage

The parties recommend the following:

2.      **Pre-Discovery Disclosures**. The information required by F.R.Civ.P. 26(a)(1):

   ___    have been exchanged by the parties

   _x_    will be exchanged by the parties by: March 3, 2006

   Proposed changes to disclosure requirements: (*Insert proposed changes, if any*)

   Preliminary witness lists

   ___    have been exchanged by the parties

   _x_    will be exchanged by the parties by: March 17, 2006

3.      **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

   Whether the recently enacted Amendments to Ordinance 10.40.050 of the Anchorage Municipal code violate the First, Fifth, and Fourteenth Amendment to the United States Constitution and the Corollary Provisions of the Alaska Constitution. In this regard, the following sub-issues are presented:

   a. Is the Ordinance an unconstitutional prior restraint on speech?;

   b. Is the Ordinance unconstitutionally vague, either in whole or in part?

   c. Is the Ordinance unconstitutionally overbroad?

   d. Are the various provisions in the ordinance supported by evidence of "adverse secondary effects" and if so, are the regulatory provisions of the ordinance narrowly tailored to the governmental purpose advanced by the ordinance?

   e. Does Ordinance violate the free speech, free association, due process, equal protection, and taking provisions of the Alaska Constitution?

4.      **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

   A. Discovery will be needed on the following issues:

1. The factual predicates for enactment of the at issue ordinance;

2. The evidence submitted to the municipality in support of the ordinance;

3. Plaintiffs claims that the municipality failed to offer evidentiary support of the ordinance and that to the extent that evidence was offered, it was "shoddy" and the conclusions reached by the municipality were not reasonable.

4. Any evidence in support of the purported governmental interest that the Municipality intends to rely upon to rebut evidence of shoddy data or reasoning offered by Plaintiff.

5. Police calls, property values, and other evidence of the existence/non-existence of alleged secondary effects caused by local businesses in Anchorage.

B. All discovery commenced in time to be completed by June 30, 2006 ("discovery close date").

C. Limitations on Discovery.

    1. Interrogatories

        __x__ No change from F.R.Civ.P. 33(a)

        ____ Maximum of ____ by each party to any other party.

        Responses due in __30__ days.

    2. Requests for Admissions.

        __X__ No change from F.R.Civ.P. 36(a).

        ____ Maximum of ____ requests.

        Responses due in __30__ days.

3. Depositions.

___ No change from F.R.Civ.P. 36(a), (d).

_X_ Maximum of _10_ depositions by each party.

_x_ Depositions not to exceed _7_ hours unless agreed to by all parties.

D. Reports from retained experts.

___ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

_x_ Reports due:

From plaintiff April 30, 2006      From defendant April 30, 2006

E. Supplementation of disclosures and discovery responses are to be made:

_x_ Periodically at 60-day intervals from the entry of scheduling and planning order.

___ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

_x_ 45 days prior to the close of discovery.

___ Not later than (*insert date*)

5. **Pretrial Motions**.

___ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

____   Motions to amend pleadings or add parties to be filed not later than (*insert date*).

____   Motions under the discovery rules must be filed not later than (*insert date*).

  x    Motions in limine and dispositive motions must be filed not later than 45 days following the close of discovery.

6. **Other Provisions**:

    A.    __X__ The parties do not request a conference with the court before the entry of the scheduling order.

             _____ The parties request a scheduling conference with the court on the following issue(s):

             (*Insert issues on which a conference is requested*)

    B.    Alternative Dispute Resolution. [D.Ak. LR 16.2]

             _____ This matter is not considered a candidate for court-annexed alternative dispute resolution.

             __x__ The parties will file a request for alternative dispute resolution not later than May 15, 2006.

             __x__ Mediation     _____ Early Neutral Evaluation

    C.    The parties _____ do __x__ not consent to trial before a magistrate judge.

    D.    Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

             __x__ All parties have complied     _____ Compliance not required by any party

7. **Trial**.

    A.    The matter will be ready for trial:

             _____ 45 days after the discovery close date.

             __X__ not later than 90 days after the close of discovery

    B.    This matter is expected to take __7__ days to try.

    C.    Jury Demanded _____ Yes __x__ No

             Right to jury trial disputed? _____ Yes __x__ No

Dated:

/s/ Kenneth J. Jacobus
Kenneth Jacobus
Law Offices of Kenneth Jacobus, P.C.
310 K Street, Suite 200
Anchorage, AK 99501
(907) 277-3333 - Phone
Alaska Bar No. 6911036

Allan S. Rubin*
Draper & Rubin, P.L.C.
Co-Counsel for Plaintiff
29800 Telegraph Road
Southfield, Michigan 48034
(248) 358-9400 - Phone
allan@draper-rubin.com
* Admitted Pro Hac Vice

FREDERICK H. BONESS
Municipal Attorney

By Thomas M. McDermott
Assistant Municipal Attorney
P.O. Box 196650
Anchorage AK 99519-6650
Alaska Bar No. 9910050

Kenneth P. Jacobus hereby certifies that true copies of this document were mailed to the following on January 15, 2006:

Thomas M. McDermott
Assistant Municipal Attorney
P.O. Box 196650
Anchorage AK 99519-6650

Allan S. Rubin*
Draper & Rubin, P.L.C.
29800 Telegraph Road
Southfield, Michigan 48034