IX. This Confidentiality Order shall not be deemed to prejudice the parties in any way in any future application for modification of any Confidentiality Order.

X. This Confidentiality Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Confidentiality Order, nor the giving of testimony or the production of any information or documents under the terms of this Confidentiality Order, nor any proceedings pursuant to this Confidentiality Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. This Order shall not waive any party's objection to the admissibility of a document produced under the terms of the Order or waive any objection they may have to discovery, except "trade secret" and/or confidentiality.

XI. This Confidentiality Order shall survive the final termination of this Action, to the extent that the information contained in CONFIDENTIAL MATERIALS is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Action, unless other arrangements are mutually agreed upon, counsel for the parties shall assemble and destroy any Confidential Materials.

XII. The inadvertent or unintentional production of documents containing attorney-client communications, attorney work-product or settlement discussions, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning of the production.

XIII. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

XIV. Nothing contained in this Confidentiality Order shall operate as an admission by any party that any particular document or information is, or is not, confidential, proprietary, trade secret information, relevant, or admissible in this proceeding. Nothing in this Confidentiality Order is intended to subtract from, or modify any party's objections to the other party's request for production of documents, or to otherwise affect the parties' rights and claims.

XV. This Confidentiality Order may be modified only by written agreement signed by counsel for the parties to the litigation, or by the Court.

XVI.  This Confidentiality Order shall continue to have full force and effect in the event that this Action is transferred or remanded to another jurisdiction or venue.

Dated: _____

_____
United States District Court Judge

DRAPER AND RUBIN, PLC

By: _/s/ Allan S. Rubin_____
  (a) Allan S. Rubin (P44420)
Co-Counsel for Plaintiff
29800 Telegraph Road
Southfield, Michigan 48034
(248) 358-9400

LAW OFFICES OF KENNETH JACOBUS

By: _/s/ Kenneth Jacobus_____
  Kenneth Jacobus
Attorney for Plaintiff
310 K Street, Suite 200
Anchorage, AK 99501-2064
(907) 277-3333 – Phone
(907) 264-6666 - Fax
kpjlaw@yahoo.com

MUNICIPALITY OF ANCHORAGE

By: _/s/ Thomas M. McDermott_____
  Thomas M. McDermott
Assistant Municipal Attorney
Municipal Attorney's Office
Attorney for Defendant
PO Box 196650
Anchorage, Alaska 99519
(907) 343-4545

5

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, do solemnly affirm that I am fully familiar with the terms of the Stipulated Confidentiality and Protective Order entered in the matter pending before the United States District Court for the District of Alaska, entitled Sands North, Inc. v. Municipality of Anchorage, Case No. 3:05-cv-256 and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further a subsequent protective order issued by the Court. I understand that if I violate the terms of the Order, I may be subject to sanctions or contempt of court proceedings. I hereby consent to the jurisdiction of said Court for purposes of enforcing the foregoing described Order.

Dated this \_\_\_\_\_ day of _____, 200\_\_.

_____
Signature

_____
(Please print name)