WHEREAS, based on evidence concerning the adverse secondary effects of sexually oriented businesses on the community presented in hearings and in reports available to the Anchorage Assembly, and on findings incorporated in the various court cases (*City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986); *Young v. American Mini Theatres*, 426 U.S. 50 (1976); and *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560 (1991); *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, (1986); *California v. LaRue*, 409 U.S. 109 (1972); *Iacobucci v. City of Newport, Ky*, 479 U.S. 92 (1986); *United States v. O'Brien*, 391 U.S. 367 (1968); *DLS, Inc. v. City of Chattanooga*, 107 F.3d 403 (6th Cir.1997); *Kev, Inc. v. Kitsap County*, 793 F.2d 1053 (9th Cir.1986); *Hang On, Inc. v. City of Arlington,*, 65 F.3d 1248 (5th Cir.1995); and *South Florida Free Beaches, Inc. v. City of Miami*, 734 F.2d 608 (11th Cir.1984); as well as studies conducted in other cities including, but not limited to, Phoenix, Arizona; Minneapolis, Minnesota; Houston, Texas; Indianapolis, Indiana; Amarillo, Texas; Garden Grove, California; Los Angeles, California; Whittier, California; Austin, Texas; Seattle, Washington; Oklahoma City, Oklahoma; Cleveland, Ohio; and Beaumont, Texas) and findings reported in the Final Report of the Attorney General's Commission on Pornography (1986), the Report of the Attorney General's Working Group On the Regulation Of Sexually Oriented Businesses (June 6, 1989, State of Minnesota), and statistics obtained from the U.S. Department of Health and Human Services, Centers for Disease Control and Prevention,

**it is known that,**

(1) Sexually oriented businesses lend themselves to ancillary unlawful and unhealthy activities. Further, there is presently no mechanism to make owners of these establishments responsible for the activities that occur on their premises.

(2) Crime statistics show that all types of crimes, especially sex-related crimes, occur with more frequency in neighborhoods where sexually oriented businesses are located. *See, e.g.*, Studies of the cities of Phoenix, Arizona; Indianapolis, Indiana; and Austin, Texas.

(3) Sexual acts, including masturbation, and oral and anal sex, occur at sexually oriented businesses, especially those which provide private or semi-private booths or cubicles for viewing films, videos, or live sex shows. *See, e.g., California v. LaRue*, 409 U.S. 109, 111 (1972); *See also* Final Report of the Attorney General's Commission on Pornography (1986) at 377.

(4) Offering and providing services involving bodily contact and/or such booths and/or cubicles encourages such activities, which creates unhealthy conditions. *See, e.g.*, Final Report of the Attorney General's Commission on Pornography (1986) at 376-77.

(5) Persons frequent certain adult theaters, adult arcades, and other sexually oriented businesses, for the purpose of engaging in sex within the premises of such sexually oriented businesses. *See, e.g., Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 698 (1986); *see also* Final Report of the Attorney General's Commission on Pornography (1986) at 376-77.

(6) At least 50 communicable diseases may be spread by activities occurring in sexually oriented businesses including, but not limited to, syphilis, gonorrhea, human immunodeficiency virus infection (HIV-AIDS), genital herpes, hepatitis B, Non A, Non B amebiasis, salmonella infections, and shigella infections. *See, e.g.*, Study of Fort Meyers, Florida.

(7) For the period 1985 through 2001, the total number of reported cases of AIDS in the United States caused by the immunodeficiency virus (HIV) was 816,149. *See, e.g.*, Statistics of the U.S. Department of Health and Human Services, Centers for Disease Control and Prevention.