UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SANDS NORTH, INC., d/b/a FANTASIES ON 5th AVENUE, an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF ANCHORAGE, ALASKA, an Alaska Municipal Corporation,<br><br>Defendant. | Case No. 3:05-cv-256 TMB<br><br><br><br><u>ORDER APPROVING STIPULATED CONFIDENTIALITY AGREEMENT</u> |

      The parties, through their undersigned counsel, have acknowledged that during the course of this action certain matters may be discovered and documents may be produced which are or may constitute a trade secret, confidential research, development, or otherwise proprietary or confidential commercial or private information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. The parties are desirous of protecting such information from inappropriate disclosure, and have therefore stipulated that this Confidentiality and Protective Order may be entered by the Court and that it shall govern all information produced in these proceedings ("Action").

      On the 21st day of June, 2006, the Court considered the parties' Joint Stipulation for a Confidentiality and Protective Order. Having considered the same, the stipulation is approved and,

**IT IS HEREBY ORDERED:**

    I. In connection with any discovery, trial and appeal proceedings, this Confidentiality and Protective Order ("Confidentiality Order") shall apply to any information, document or thing disclosed by one party hereto to the other, or that is subject to discovery in this Action and is designated as confidential by the producing party (hereinafter "CONFIDENTIAL MATERIALS"). This includes, without limitation, materials

disclosed in discovery; testimony adduced at a depositions; written responses to interrogatories; documents and things produced; answers to requests for admission; and testimony, documents and things provided. CONFIDENTIAL MA TERIALS shall include all information, documents and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries or abstracts of the foregoing. CONFIDENTIAL MATERIALS shall be designated as such by stamping the document "Confidential," "Privileged," or similar designation on the face of each document designated by a party as Confidential pursuant to the terms of this Order.

II.  Testimony taken at a deposition, conference, or hearing may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and/or transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately. When testimony designated as CONFIDENTIAL is elicited during a deposition or other proceeding, persons not entitled to receive such information under the terms of this Confidentiality Order shall be excluded therefrom.

III. CONFIDENTIAL MATERIALS, including, without limitation, any summaries, copies, abstracts, or other documents derived in whole or in part from CONFIDENTIAL MATERIALS shall be used only for the purpose of the prosecution, defense, or settlement of this Action, and for no other purpose.

IV. CONFIDENTIAL MATERIALS produced pursuant to this Confidentiality Order may be disclosed or made available only to the Court, to counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a. a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this Action;

   c. court reporters employed in this Action;

   d. a witness at any deposition or other proceeding in this Action; and

   e. any other person as to whom the parties agree in writing.

However, prior to receiving any CONFIDENTIAL MATERIALS, each "qualified person" shall be provided with a copy of this Confidentiality Order and shall execute a Confidentiality & Nondisclosure Agreement in the form of Attachment "A" hereto.

The attorneys of record for the parties to this proceeding shall make the terms of this Order known to all other persons bound by this Order and, together with their clients, are responsible for compliance with this Order.

V. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from disclosing its own CONFIDENTIAL MATERIALS as it deems appropriate.

VI. If CONFIDENTIAL MATERIALS, including any portion of a deposition transcript designated as "CONFIDENTIAL" are attached to any papers to be filed in Court, such attachments shall be labeled "CONFIDENTIAL - SUBJECT TO COURT ORDER" and shall be filed under seal until further order of this Court, unless the parties agree in writing beforehand that such CONFIDENTIAL MATERIALS need not be sealed.

VII. In the event that any CONFIDENTIAL MATERIALS are used in any court proceeding in this Action, they shall not lose their confidential status through such use, and the party using such shall take all reasonable steps to maintain their confidentiality during such use to ensure that end.

VIII. This Confidentiality Order shall be without prejudice to the right of the parties to present a motion to the Court for a separate confidentiality order as to any particular document or information, including restrictions differing from or in addition to those specified herein.

IX. This Confidentiality Order shall not be deemed to prejudice the parties in any way in any future application for modification of any Confidentiality Order.

X. This Confidentiality Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Confidentiality Order, nor the giving of testimony or the production of any information or documents under the terms of this Confidentiality Order, nor any proceedings pursuant to this Confidentiality Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. This Order shall not waive any party's objection to the admissibility of a document produced under the terms of the Order or waive any objection they may have to discovery, except "trade secret" and/or confidentiality.

XI. This Confidentiality Order shall survive the final termination of this Action, to the extent that the information contained in CONFIDENTIAL MATERIALS is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Action, unless other arrangements are mutually agreed upon, counsel for the parties shall assemble and destroy any Confidential Materials.

XII. The inadvertent or unintentional production of documents containing attorney-client communications, attorney work-product or settlement discussions, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing

      party of its claim within a reasonable time after learning of the production.

XIII.  If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

XIV.  Nothing contained in this Confidentiality Order shall operate as an admission by any party that any particular document or information is, or is not, confidential, proprietary, trade secret information, relevant, or admissible in this proceeding. Nothing in this Confidentiality Order is intended to subtract from, or modify any party's objections to the other party's request for production of documents, or to otherwise affect the parties' rights and claims.

XV.  This Confidentiality Order may be modified only by written agreement signed by counsel for the parties to the litigation, or by the Court.

XVI.  This Confidentiality Order shall continue to have full force and effect in the event that this Action is transferred or remanded to another jurisdiction or venue.

Dated at Anchorage, Alaska, this 21st day of June, 2006.

                                                                     /s/ Timothy Burgess  
                                                                     Timothy M. Burgess  
                                                                     United States District Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, _____ , do solemnly affirm that I am fully familiar with the terms of the Stipulated Confidentiality and Protective Order entered in the matter pending before the United States District Court for the District of Alaska, entitled Sands North, Inc. v. City of Anchorage, Case No. 3:05-cv-256 (TMB) and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further a subsequent protective order issued by the Court. I understand that if I violate the terms of the Order, I may be subject to sanctions or contempt of court proceedings. I hereby consent to the jurisdiction of said Court for purposes of enforcing the foregoing described Order.

Dated this __ day of _____ , 200_


Signature

(Please print name)