Thomas M. McDermott
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SANDS NORTH, INC., d/b/a FANTASIES ON 5TH AVENUE, an Alaskan Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MUNICIPALITY OF ANCHORAGE, ALASKA, an Alaskan Municipal Corporation, | ) ) ) |
| Defendant. | ) ) |

U.S. District No. 3:05-cv-00256 (TMB)

**MEMORANDUM IN SUPPORT OF**
**MUNICIPALITY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    Introduction**

In this lawsuit, Plaintiff Sands North, Inc. has raised a number of constitutional challenges to the Municipality's adult entertainment ordinance, Anchorage Municipal Code (AMC) 10.40.050. Sands North attacks AMC 10.40.050 on its face, rather than as applied, so all of the issues in this case should be amenable to resolution as a matter of

law. In a separate pleading, the Municipality's Motion for Partial Summary Judgment demonstrated its right to judgment as a matter of law regarding the five legal theories which form the backbone of the plaintiff's case. This motion will demonstrate that the remaining claims in this case are facially insufficient and ripe for judgment on the pleadings.

## II.     Background

Plaintiff Sands North, Inc. has filed a complaint in this case, more than 60 paragraphs in length, attacking the Municipality's adult entertainment ordinance, AMC 10.40.050, on constitutional grounds. The complaint is written in a rambling and somewhat repetitive style so it is difficult to get a clear picture of the legal substance underlying the Plaintiff's allegations. However, it appears that the main thrust of the Plaintiff's legal claim is encapsulated in Paragraphs 43(a) through (q).

Some of the claims alleged in Paragraphs 43(a) through (q) have already been addressed in the Municipality's Motion for Partial Summary Judgment. The Motion for Partial Summary Judgment explains the legislative history underlying AMC 10.40.050, the policy concerns that induced the Assembly to pass the ordinance, and the evidentiary basis for those concerns. The Motion for Partial Summary Judgment also explains that five of the Plaintiff's claims are insufficient as a matter of law. Those claims are 1) that the Municipality's four foot rule unconstitutionally infringes on protected expression; 2) that AMC 10.40.050 violates equal protection doctrine; 3) that AMC 10.40.050 is

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 2 of 9

unconstitutionally overbroad; 4) that it is unconstitutionally vague; and 5) that the ordinance violates the Commerce Clause of the United States Constitution.

Once the Motion for Partial Summary Judgment is resolved, there is not much left in the Complaint to litigate. The remaining claims, to the extent there are any, can be resolved under the standard that applies for judgment on the pleadings.

## III.    Standard of Review

Judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Heliotrope General, Inc. v. Ford Motor Co.,* 189 F.3d 971, 979 (9th Cir. 1999). When considering a motion for judgment on the pleadings, the court may consider facts that are contained in materials of which the court may take judicial notice. *Id.*, at 981 n. 18. However, unsupported conclusory allegations are not sufficient to defeat a motion for judgment on the pleadings. See *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988).

## IV.    Argument

The allegations in Paragraphs 43(a) through (q) of the Complaint, which constitute the core of the Plaintiff's case, are addressed in order below.

Paragraph 43(a) states that AMC 10.40.050 "is a prior restraint on constitutionally protected speech activities . . . ." This claim is moot. The "prior restraint" doctrine applies where a party is required to obtain a license or permit before engaging in certain expressive activity. See, *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1001 (9th

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 3 of 9

Cir. 2004). Prior restraints are not unconstitutional *per se*. To pass constitutional muster, a licensing scheme that regulates adult entertainment businesses must contain two procedural safeguards: first, "the licensor must make the decision whether to issue the license within a specified and reasonable period during which the status quo is maintained" and second, "there must be the possibility of prompt judicial review in the event that the license is erroneously denied." *Id.* (citations omitted). In this case, Fantasies' adult entertainment license has already been issued, so the claim of prior restraint is moot.

Paragraph 43(b) of the Complaint alleges that AMC 10.40.050 is unconstitutionally overbroad. This claim is addressed in Section IV.D of the Municipality's Motion for Partial Summary Judgment.

Paragraph 43(c) alleges that AMC 10.40.050 is a content-based restriction on speech. As discussed in Section IV.A of the Municipality's Motion for Partial Summary Judgment, AMC 10.40.050 does not regulate constitutionally protected speech, it only regulates conduct that is not constitutionally protected.

Paragraph 43(d) alleges that AMC 10.40.050 "fails to provide the procedural guarantees required . . . in *Freedman v. Maryland*, 380 U.S. 51 (1965) and *FW/PBS v. City of Dallas*, [493] U.S. 215 (1990)." The "procedural guarantees" alluded to here are procedures for licensing determinations pertaining to adult businesses. See, *FW/PBS v. City of Dallas*, 493 U.S. at 226. In this case, Fantasies' license is not in jeopardy, so the

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 4 of 9

procedural adequacy of legal review concerning licensing determinations is not a ripe issue. Sands North has not been denied any of the requisite procedural safeguards.

Paragraph 43(e) alleges "there are no facts that would support the claim that an "adult cabaret" . . . causes any adverse secondary effects that Anchorage has a right to regulate." This issue is addressed in Section II of the Municipality's Motion for Partial Summary judgment. There are abundant facts in the Municipality's legislative record and in the decisions of other courts that such adverse effects do exist.

Paragraph 43(f) alleges that AMC 10.40.050 " . . . fails to provide a reasonable opportunity for an adult business to open and operate . . . ." Since Fantasies is open and operating, this claim is moot. Fantasies has not been denied the opportunity to open and operate.

Paragraph 43(g) alleges that AMC 10.40.050 "[is] not narrowly tailored nor are the restrictions contained reasonably related to any legitimate and/or substantial government interest". As explained in Section IV.A.3 of the Municipality's Motion for Partial Summary Judgment, constitutional principles do not require that AMC 10.40.050 be "narrowly tailored" to serve a government interest. The ordinance need only be substantially related to a legitimate government goal, and it meets this standard.

Paragraph 43(h) alleges that the ordinance is not supported by any evidence that the ordinance would be effective in furthering any substantial government interest. The interests served, and the manner in which the ordinance will be effective in serving those

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 5 of 9

interests, are addressed in Section IV.A.3 of the Municipality's Motion for Partial Summary Judgment.

Paragraph 43(i) alleges that the ordinance violates the Commerce Clause of the United States Constitution. The only commerce clause claim alleged by Sands North is its theory pertaining to Internet use. See, Motion for TRO at Docket #17. Section IV.E of the Municipality's Motion for Partial Summary Judgment explains that AMC 10.40.050 does not violate Commerce Clause doctrine, because it does not discriminate against out of state commerce.

Paragraph 43(j) alleges that AMC 10.40.050 constitutes a taking of property. This claim fails to state a prima facie case, because Sands North has not identified any protected property interest that has been taken.

Paragraph 43(k) alleges that the ordinance "violates Plaintiff's substantive and procedural due process rights." This is a conclusory allegation of law that is insufficient to survive a motion for judgment on the pleadings. See *McGlinchy v. Shell Chemical Co*., 845 F.2d 802, 810 (9th Cir.1988). Unless Sands North can explain how or why the ordinance violates its substantive and procedural due process rights, this claim should be dismissed.

Paragraph 43(l) alleges that the ordinance "was not enacted on a constitutionally sufficient basis." As above, a conclusory allegation of this nature is insufficient to survive a motion for judgment on the pleadings.

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 6 of 9

Paragraph 43(m) alleges that AMC 10.40.050 "attempts to impose unconstitutional conditions on one's right to engage in constitutionally protected activities." As discussed in the Municipality's Motion for Partial Summary Judgment, AMC 10.40.050 does not infringe upon constitutionally protected activity, nor are the restrictions it imposes unconstitutional.

Paragraph 43(n) alleges that AMC 10.40.050 violates the equal protection doctrine under the United States and Alaska constitutions. This claim refers to Sands North's theory that differential treatment of alcohol and non-alcohol establishments is unconstitutional. See, Motion for TRO, at Docket #17. As explained in Section IV.B of the Municipality's Motion for Partial Summary Judgment, Sands North has failed to articulate a cognizable equal protection claim.

Paragraph 43(o) alleges that the restrictions on adult entertainment are greater than those permitted by *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) . . . ." Ironically, the *City of Erie* case upheld an ordinance that completely prohibited nudity in public places, forcing the nude dancing establishments in the city to shut down altogether. See *id.*, 529 U.S. at 296. The Municipality's ordinance permits nude dancing, so it is less restrictive than the standard affirmed in *Erie*.

Paragraph 43(p) alleges that "some or all of the definitions contained in the Ordinance are vague and facially overbroad." The claims of vagueness and facial overbreadth are addressed in Sections IV.C and IV.D of the Municipality's Motion for Partial Summary Judgment.

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 7 of 9

Paragraph 43(q) alleges that the ordinance "impairs upon other rights not yet known, but will or may become known through course of discovery." This is not a legally cognizable claim; it is only a suggestion that Sands North might have additional claims at some point in the future. If Sands North cannot specify what those claims are, this allegation should be dismissed.

## V.   Conclusion

Sands North has challenged the constitutionality of AMC 10.40.050 on its face rather than as applied. Accordingly, all of the claims in this case are amenable to resolution as a matter of law. The Plaintiff's five most significant claims are addressed in the Municipality's Motion for Partial Summary Judgment, which demonstrates that the Municipality is entitled to judgment as a matter of law on those issues. The remaining claims in this case are facially insufficient, and the Municipality is entitled to judgment on the pleadings as to each of them.

Respectfully submitted this 8th day of September, 2006.

JAMES N. REEVES
Municipal Attorney

By:   s/ Thomas M. McDermott
Assistant Municipal Attorney
P.O. Box 196650
Anchorage, AK  99519-6650
(907) 343-4545
(907) 343-4550 – fax
uslit@muni.org
Alaska Bar No. 9910050

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 8 of 9

The undersigned hereby certifies that on September 8, 2006 a
true and correct copy of the *Memorandum in Support of Municipality's
Motion forJudgment on the Pleadings* was served on:

- Kenneth P. Jacobus
- Allan S. Rubin

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing

<u>s/ Patricia A. Karella</u>
Patricia A. Karella, Legal Secretary
Municipal Attorneys Office

Memo in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 9 of 9