# FULTON COUNTY POLICE

## Study of Calls for Service to
## Adult Entertainment
## Establishments
## Which Serve Alcoholic Beverages

### January 1995 - May 1997

### [EXCERPTS]

Prepared by:   Capt. Ron Fuller
                  Lt. Sue Miller
Date: June 13, 1997

## RESOLUTION RELATING TO

## REGULATION OF ALCOHOL

## CONSUMPTION IN ADULT

## ENTERTAINMENT ESTABLISHMENTS

**WHEREAS**, the Board of Commissioners of Fulton County has reason to believe that the consumption of alcoholic beverages in adult entertainment establishments may contribute to increased crime in the vicinity of such adult entertainment establishments; and

**WHEREAS**, the Board of Commissioners of Fulton County further has reason to believe that adult entertainment establishments which serve alcoholic beverages may have a negative impact on surrounding real property values; and

**WHEREAS**, Article III, Section VI, Paragraph VII, Constitution of the State of Georgia, delegates authority to counties and municipalities A. . . for the purpose of regulating, restricting, or prohibiting the exhibition of nudity, partial nudity, or depictions of nudity in connection with the sale or consumption of alcoholic beverages. . .@; and

**WHEREAS**, the Supreme Court of Georgia, on March 17, 1997, in the consolidated cases of Goldrush II, et. al., v. City of Marietta, et. al.; Varsalona's Italian Restaurant d/b/a Boomer's et. al.; v. City of Marietta, et. al.; and Tudor d/b/a Cyprus Lounge v. City of Marietta, et. al. upheld a City of Marietta, Georgia, ordinance which prohibits the serving or consumption of alcoholic beverages in adult entertainment establishments; and

**WHEREAS**, the Georgia Supreme Court, in Chambers v. Peach County, 266 Ga. 318 (1996), has previously held that, before enacting an ordinance to combat undesirable secondary effects of adult entertainment, a legislative body is required to consider specific evidence of the undesirable secondary effects that it reasonably believes relevant to the problems it seeks to address by passing the ordinance; and

**WHEREAS**, the Board of Commissioners desires that the Fulton County Police Department prepare a report concerning calls for police assistance and crimes occurring at, or in the vicinity of, adult entertainment establishments where alcohol is consumed; and

**WHEREAS**, the Board of Commissioners desires that the Fulton County Police Department and the Department of Planning and Economic Development, in consultation with the County Attorney, assemble any studies available which identify and document negative secondary effects related to the serving and consumption of alcoholic beverages in adult entertainment establishments; and

**WHEREAS**, the Board of Commissioners further desires that the County Attorney prepare proposed amendments to Sections 33-1-16 through 33-1-23, Code of Fulton County, Georgia, relating to licensing of adult entertainment establishments, and to Article A, Chapter 5, Code of Fulton County, Georgia, relating to alcoholic beverage licenses, and any related proposed ordinance amendments which will have the effect of prohibiting the serving or consumption of alcohol at adult entertainment establishments, and which will be consistent with the above-cited March 17, 1997, ruling of the Georgia Supreme Court, and with the constitutional, statutory, and decisional law of the State of Georgia and the United States; and

**WHEREAS**, it is the intent of the Board of Commissioners to enact, if warranted by the said studies, a carefully tailored regulation to minimize the negative secondary effects of the serving and consumption of alcoholic beverages at adult entertainment establishments; and

**WHEREAS**, it is not the intent of the Board of Commissioners, in enacting any such ordinance amendment, to deny to any person rights to speech or expression protected by the United States or Georgia Constitutions, nor is it the intent to deny or restrict the rights of any adult to obtain or view any sexually oriented performance or materials protected by the United States or Georgia Constitutions, but to adopt a content neutral measure to address the secondary effects of adult entertainment establishments where alcoholic beverages are served or consumed;

**NOW, THEREFORE, BE IT RESOLVED** that the Fulton County Police Department is hereby directed to prepare within forty-five days hereof a study concerning calls for police assistance to, and crimes occurring at, areas wherein adult entertainment establishments which serve alcoholic beverages are located;

**BE IT FURTHER RESOLVED** that the Fulton County Police Department and the Planning and Economic Development Department, in consultation with the County Attorney, are hereby directed to assemble within forty-five days any studies available which document the negative secondary effects of the serving and consumption of alcohol in adult entertainment establishments;

**BE IT FURTHER RESOLVED** that the County Attorney is hereby directed to prepare within sixty days proposed amendments to Sections 33-1-16 through 33-1-23, Code of Fulton County, Georgia, relating to licensing of adult entertainment establishments, and to Article A, Chapter 5, Code of Fulton County, Georgia, relating to liquor licenses, and any related proposed ordinance amendments which will have the effect of prohibiting the serving or consumption of alcohol at adult entertainment establishments, and which are consistent with the March 17, 1997, opinion of the Georgia Supreme Court, and consistent with the constitutional, statutory, and decisional law of the State of Georgia and the United States;

**PASSED AND ADOPTED** this sixteenth day of April, 1997.

**BOARD OF COMMISSIONERS OF FULTON COUNTY, GEORGIA**

By:_____

Mitch J. Skandalakis, Chairman

By:_____

Commissioner Gordon L. Joyner

District 2

ATTEST:

_____

Clerk to the Board

**APPROVED AS TO FORM AND LEGALITY:**

_____

County Attorney

# Table Of Contents

Section 1:    Introduction to the study

Section 2:    Overview of total number of calls and reports received by Fulton County Police

Section 3: Calls for Service: Charts & computer print outs for the following
locations:

　　　　　5600 Roswell Road, (Frankies)

　　　　　5495 Old National Hwy. (Crowes [*sic*] Nest)

　　　　　5840 Roswell Road, (American Pie)

　　　　　5841 Roswell Road, (Good >Ole= Days)

　　　　　6300 Powers Ferry Road, (Mardi Gras)

　　　　　4401 Fulton Industrial Blvd., (Riley=s)

　　　　　5343 Old National Hwy, (Club Legend)

　　　　　304 Fulton Industrial Circle, (Babes/Fannies)

　　　　　6420 Roswell Road, (Flashers)

　　　　　5825 Roswell Road, (Cabo Wabo)

　　　　　6071 Old National Hwy, (Club Twenty Grand)

　　　　　5275 Roswell Road, (Coronet Club)

Section 4:    Reports Taken: Charts & computer print outs for the locations and
a sampling of reports from Adult Entertainment Establishments for
1996

Section 5:    Conclusion

# SECTION 1

# INTRODUCTION
## Brief Summery of

## Goldrush II, et al., v. City of Marietta, et al.;

**Varsalona=s Italian Restaurant d/b/a Boomer=s, et al., v.**

**City of Marietta, et al.; and Tudor d/b/a Cyprus Lounge**

**v. City of Marietta, et. al.**

1.      Amendment to Georgia Constitution provides that counties and municipalities shall have authority A . . . for the purpose of regulating, restricting, or prohibitng the exhibiton of nudity, partial nudity, or depictions of nudity in connection with the sale or consumption of alcoholic beverages...@ [Article III, Section VI, Paragraph VII, Georgia Constitution.]

2.      In January, 1995, the City of Marietta amended its adult entertainment license ordinance to prohibit the serving, selling, distributing or consumption or possession of liquor in adult entertainment establishments.

The prohibition ultimately was intended to extend to existing adult entertainment establishments serving alcohol.

3.      The Georgia Supreme Court upheld the Marietta ordinance on March 17, 1997, and approved the Marietta ordinance's application to already existing businesses.

4.      The Georgia Supreme Court, citing <u>Chambers  v.  Peach County</u>, 266 Ga. 318 (1996), reiterated that a legislative body must have appropriate studies before it documenting the Anegative secondary effects@ (<u>e.g.</u>, such as crime, diminishing property values, and increased urban blight) before legislating any regulation of such negative secondary effects.

## Introduction

On April 16, 1987, [*sic*] a Resolution Relating to Regulation of Alcohol Consumption in Adult Entertainment Establishments was passed and adopted.

This resolution directed the Fulton County Police Department to prepare a report concerning calls for police assistance and crimes occurring at, or in the vicinity of adult entertainment establishments where alcohol is sold and consumed. This was based on the reasonable belief that the consumption of alcoholic beverages in adult entertainment establishments may contribute to increased crime in the vicinity of these establishments.

The statistical information included in this study was obtained through the Fulton County Police Departments [*sic*] computerized incident and calls for service reporting program.

Each call for police assistance, if taken over 911 enhance, is captured by a communication assisted dispatch (CAD) system. This information is available on every address in Unincorporated Fulton County where the police department is dispatched.

Each report that is generated from a police call for service is identified with a departmental case number that is unique to that reported incident. (It should be noted that a police report is <u>not</u> generated for every call for service, and that officer initiated calls are <u>not</u> captured on the CAD system).

The time period covered by this study is for January 1, 1995 through May 31, 1997.

There are twelve (12) establishments included in this study. Six (6) are adult entertainment establishments that serve alcoholic beverages. The others are those establishments that serve alcoholic beverages with <u>no</u> adult entertainment.

Several of the locations B Frankie's, Crow's Nest, Mardi Gras, Riley's, Babes, Fannies and Club Twenty Grand B have addresses that are common to other businesses on the same property. For this reason, the number of police calls for service to these locations cannot be attributed soley to the specific business that serves alcoholic beverages.

# SECTION 5

# CONCLUSIONS

## Statement of Facts

The following data has been based on several known facts. They are as follows:

From **January 1, 1995, to May 31, 1997** the Fulton County Police Department responded to **199,324** calls for service North and **152,002** calls for service South.  The total calls for service being **351.326**.

From **January 1, 1995, to May 31, 1997** the Fulton County Police Department made **34,680** incident reports North and **29,060** incident reports South.  The total number of incident reports taken being **63,740**.

From **January 1, 1995, to May 31, 1997** there were **no Murders or Kidnappings** [*sic*] reported at any of the establishments listed in this study.  There were **2 Rapes, 11 Robberies and 10 Aggravated Assaults** reported in the establishments that served alcoholic beverages but **do not** have adult entertainment.  There was **1 Rape, 16 Robberies and 5 Aggravated Assaults** reported in the adult entertainment establishments that serve alcoholic beverages.

## Conclusions

From **January 1, 1995, to May 31, 1997** the Fulton County Police Department responded to **728** calls for service to incidents reported at or in the vicinity of adult entertainment establishments that serve alcoholic beverages in this study.  During the same time period the police department responded to **1718** calls for service to establishments in this study that serve alcoholic beverages but **do not** provide adult entertainment.

**Conclusion:  There were 990 more calls for service to the establishments that did not provide adult entertainment.**

The total number of calls for service to establishments in this study totaled **2446**.  Of those, **259** were alcohol related by call sign only.  Signal 28 Public Drunkenness, Signal 29 Drunk and Disorder/Fight, Signal 30 Driving Under the Influence, and Signal 38 Illegal Alcohol/Drugs. **178** of these calls were to non-adult entertainment establishments that serve alcohol.  **81** were to adult entertainment establishments that serve alcohol.

**Conclusion:  There were 97 more alcohol related calls for service to those establishments that did not provide adult entertainment.**

Based on this statistical study of calls for service and reported crime at adult entertainment establishments, there is no statistical correlation that shows that there is an increase in crime at adult entertainment establishments that serve alcoholic beverages.  However, there is a statistical correlation that would indicate that there is greater instances of calls for service and reported crime at non-adult entertainment establishments that serve alcoholic beverages.

There is nothing in the statistics of this study that would indicate why there is such a discrepancy in the calls to service and reported crimes in these types of establishments.