Kenneth P. Jacobus
Kenneth P. Jacobus, P.C.
310 K Street, Suite 200
Anchorage, AK 99501-2064
(907) 277-3333 – Phone
(907) 264-6666 - Fax
kpjlaw@yahoo.com
Local Counsel for Plaintiff

Allan S. Rubin*
Draper & Rubin, P.L.C.
29800 Telegraph Road
Southfield, Michigan 48034
(248) 358-9400 – Phone
(248) 358-9729 – Fax
allan@draper-rubin.com
Attorneys for Plaintiff
*subject to admission Pro Hac Vice

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SANDS NORTH, INC., d/b/a FANTASIES ON 5th AVENUE, an Alaska Corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE CITY OF ANCHORAGE, ALASKA, an Alaska Municipal Corporation,<br><br>                    Defendant | Civil No.:<br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES PURSUANT TO 42 U.S.C. 1983 AND 42 U.S.C 1988 AND PENDANT STATE LAW CLAIMS** |

NOW COMES the Plaintiff, Sands North, Inc. d/b/a Fantasies on 5th Avenue, by and through its attorneys and for its Complaint against the Defendant states as follows:

## PARTIES AND JURISDICTION

1.     That at all times relevant hereto, the Plaintiff, Sands North, Inc., d/b/a Fantasies on 5th Avenue (hereinafter "Fantasies") was and is a duly authorized corporation existing under the laws of the State of Alaska. At all times relevant hereto, the Plaintiff conducted business in the City of Anchorage, State of Alaska.

2.     That the Defendant, the City of Anchorage, (hereinafter referred to as "Anchorage"), was and is a duly authorized Alaska Municipality and is a person amenable to suit pursuant to 42 U.S.C., 1983, *et seq*.

3.     That jurisdiction is conferred upon this Court for resolution of the substantial constitutional questions presented herein by virtue of 28 U.S.C., 1331 and 28 U.S.C., 1343 (3), which provides, in pertinent part, that the District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person to:

Redress the deprivations under color of any state law, statute, ordinance, regulation, custom, or usage of any right, privilege, or immunity secured by the Constitution of the United States…

5.     That this suit is founded on 42 U.S.C. 1983, which provides, in pertinent part, as follows:

Every person who under color of any statute, ordinance, regulation, custom, usage of any state or territory subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to a deprivation of any rights, privileges, immunity secured by the Constitution shall be liable to the party injured in an action at law or in equity or other proper proceedings for redress.

6.     That Plaintiff's claim for attorneys fees and costs is founded upon 42 U.S.C. 1988.

7.     That Plaintiff's claim for Declaratory Relief is founded on Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. 2201, which provides that:

"… any Court of the United States upon filing of an appropriate pleading, may declare the rights and other legal relations of any other interested parties seeking such declaration, whether or not further relief is or could be sought…"

7.    That jurisdiction of this Court to grant Injunctive Relief is conferred upon this Court by virtue of 28 U.S.C. 2202, which provides in pertinent part:

"Further necessary or proper relief on a declaratory judgment or decree may be granted after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment…"

In addition, jurisdiction is for injunctive relief is found in this Court's inherent equitable powers to enter relief necessary to enforce its orders, opinions, and judgments.

8.    That venue is proper within this Judicial District as all parties reside in or conduct business within this judicial district.

## FACTUAL BACKGROUND

9.    That Plaintiff re-alleges and re-affirms paragraphs 1 through 8 above as if fully set forth herein, word by word, and paragraph by paragraph.

10.    That the Plaintiff opened its current business on or about August 30, 1990. Plaintiff has in the past operated a business which featured, as part of its operation, the presentation of what is commonly referred to a nude and topless entertainment at its premises. Plaintiff does not serve alcoholic or other intoxicating beverages on its premises.

11.    That Anchorage, in the past, has adopted an Ordinance, which attempted to regulate what is generally referred to as "adult entertainment." This Ordinance was codified at Section 10.40.050 of the Anchorage Municipal Code (the "Code").  A copy of the Code is attached as **Exhibit 1**. This Code was amended on October 11, 2005 to add additional provisions to the Code (the "Amendments"). A copy of the Amendments is attached as **Exhibit 2**.  The Amendments were adopted on a split vote, with the most controversial provisions having been adopted by a 6-

5 vote of the assembly. The Amendment was given immediate effect and is currently in force in Anchorage.

12.     That under the Code an *"adult-oriented establishment",* or *"adult business,"* shall include, but is not limited to, adult bookstores, adult motion picture theaters, adult mini-motion picture establishments, **adult cabarets**, physical culture studios, massage parlors, escort services, or similar type businesses where, by the nature of the business, minors under the age of 18 are denied entry, or businesses which are prohibited by law from having minors or unaccompanied minors on the premises for reasons other than the sale of liquor. If a premises, whose primary business is overnight lodging, offers adult movies via a cable, closed circuit or pay per view system, in the absence of any other adult entertainment activities, the availability of such movies does not render the business an adult-oriented establishment for the purposes of this section. (See Exhibit 1, Ordinance, 10.40.050(A), before Amendment).

13.     That under the Code, the Plaintiff operates as an adult business, having been licensed as an adult business since 2004, and more specifically, as an "Adult Cabaret."

14.     That under the Code, an "Adult Cabaret" is defined as "a cabaret which features topless dancers, strippers, male or female impersonators, or similar entertainers. ***An adult cabaret does not include an establishment licensed for sale of alcoholic beverages.***" (See **Exhibit 1**, Ordinance 10.40.050(A).

15.     That pursuant to the definitions in the Code, businesses that offer similar entertainment as Plaintiff, but which also hold a liquor license, are not required to be licensed under the Code, nor are they required to comply with the licensing and regulatory provisions of the Code.  Rather, they are exempted from the Code Requirements.

16.    That under the Code, "*adult entertainment*" means any exhibition of any motion pictures, live performance, display or dance of any type, which has as its dominant theme, or is distinguished or characterized by an emphasis on, any actual or simulated specified sexual activities, or specified anatomical areas, as defined in this section.

17.    That under the Code and prior to amendment the term,

*Specified anatomical areas* means:

a.    Less than completely and opaquely covered human genitals, pubic region, buttocks, and female breast below a point immediately above the top of the areola.

b.    Human male genitals in a discernible turgid state, even if opaquely covered.

18.    That under the Code and prior to amendment the term:

*Specified sexual activities* means simulated or actual:

a.    Showing of human genitals in a state of sexual stimulation or arousal.

b.    Acts of masturbation, sexual intercourse, sodomy, bestiality, necrophilia, sado-masochistic abuse, fellatio or cunnilingus.

c.    Fondling or erotic touching of human genitals, pubic region, buttock or female breasts.

19.    That pursuant to the Code, no person shall advertise or offer services regulated by the Code unless they are licensed to provide such services pursuant to this chapter. (See **Exhibit 1**, Ordinance, 10.40.050, Section B(5)).

20.    That in order to obtain a license under the Code, a corporate applicant, such as the Plaintiff, must  meet the following requirements:

(1)    All officers, directors and stockholders required to be named under subsection C.2.d of this section shall be at least 18 years of age.

(2)    The applicant must not have been convicted of a violation of this section or any of the offenses listed in subsection I.1.f(1) of this section within the two years immediately preceding the date of application.

c.    If the applicant is a partnership, joint venture or any other type of organization where two or more persons have a financial interest:

(1)    All persons having a financial interest in the partnership, joint venture or other type of organization shall be at least 18 years of age.

(2)    The applicant must have not been convicted of a violation of this section or any of the offenses listed in subsection I.1.f(1) of this section within the two years immediately preceding the date of application.

2.    The location for which the license is sought must meet the requirements of Section 21.45.240 or comply with that section as an existing nonconforming use. Provided however, that any structural changes required to comply with the physical layout requirements of subsection J of this section shall not terminate an existing nonconforming use right. (See **Exhibit 1**, Ordinance, 10.40.050, Section D)

21.    That in order to renew a license, the Ordinance provided, prior to Amendment, as

follows:

Every license issued pursuant to this section will terminate at the expiration of one year from the date of issuance, unless sooner revoked, and must be renewed before operation is allowed in the following year. Any operator desiring to renew a license shall make application to the municipal clerk. The application for renewal must be filed not later than 60 days before the license expires. The application for renewal shall be filed in triplicate with and dated by the municipal clerk. A copy of the application for renewal shall be distributed promptly by the municipal clerk to the municipal police department and to the operator. The application for renewal shall be upon a form provided by the municipal clerk and shall contain such information and data, given under oath or affirmation, as is required for an application for a new license.

2.    A license renewal fee of $300.00 shall be submitted with the application for renewal. In addition to the renewal fee, a late penalty of $100.00 shall be assessed against the applicant who files for a renewal less than 60 days before the license expires. If the application is denied, the renewal fee only shall be returned.

3.    If the municipal police department is aware of any information bearing on the operator's qualifications, or that of the applicant's employees, that information shall be filed in writing with the municipal clerk. Approval or clearance by the municipal police department is not a prerequisite to the issuance of a license under this chapter. (See **Exhibit 1**, Ordinance).

22.    That the Code, prior to amendment, provided for revocation of a license as follows:

1.    The municipal clerk may revoke or suspend a license or permit for any of the following reasons:

a.    Discovery that false or misleading information or data was given on any application or material facts were omitted from any application.

b.    The operator violates any provision of subsection J.1.b.2 or K of this section or any rule or regulation adopted pursuant to this section.

c.    The operator becomes ineligible to obtain a license or permit.

d.    Any cost or fee required to be paid by this section is not paid.

e.    Any intoxicating liquor or other alcoholic beverage is served on the premises of the  adult-oriented establishment.

f.    The licensee, manager or designated representative, is convicted of the following offenses at the location to which an adult business license has been issued:

(1)    Involving any of the following offenses as described in Chapter 8 of the Anchorage Municipal Code:

(a)    Assignation for prostitution;

(b)    Prostitution;

(c)    Offering to secure another for prostitution;

(d)    Maintaining a place of prostitution;

(e)    Owning or leasing a place of prostitution;

(f)    Coercing another to become a prostitute;

(g)    Violation of Section 8.50.010 , relating to prohibited performances and exhibitions to minors;

(h)    Violation of Section 8.50.020 , relating to disseminating indecent material to minors; or

(i)    Violation of Section 8.50.040 , relating to sexual exploitation of minors.

(2)    The fact that a conviction is being appealed shall have no effect on the revocation of the license.

g.    Any of the reasons set forth in Section 10.10.035 .

(See **Exhibit 1**, Section 10.40.050, (I)).

23.    That the Code, prior to amendment, provided for the exterior and interior configuration as follows:

3.    *Exterior.*

a.    Shall be maintained in a neutral tone to conform with surrounding building appearance.

b.    Building will be repaired and maintained in a timely manner.

c.    Fences to be maintained in conforming appearance and maintained in good condition.

7.    *Interior.*

a.    Appropriate window coverings to maintain conforming appearance (no foil, sheets, boards, et cetera).

b.    Premises to be maintained in a clean and sanitary manner.

c.    The operator shall maintain at least ten footcandles of light in the public portions of the establishment, including aisles, at all times. However, if a lesser level of illumination in the aisles shall be necessary to enable a patron to view the adult entertainment in a booth, room or cubicle adjoining aisles, a lesser amount of illumination may be maintained in such aisles, provided, however, at no time shall there be less than one footcandle of illumination in such aisles, as measured from the floor. (See **Exhibit 1**, Ordinance 10.40.050(J)).

24.    That the Ordinance imposes the following requirements on a Licensee:

K.    *Responsibilities of operator.*

1.    Every act or omission by an employee constituting a violation of the provision of this section shall be deemed the act or omission of the operator if such act or omission occurs either with the authorization, knowledge or approval of the operator, or as a result of the operator's negligent failure to supervise the employee's conduct, and the operator shall be punishable for such act or omission in the same manner as if the operator committed the act or caused the omission. Such acts or omissions can be considered in determining whether to revoke, suspend or renew a license.

2.    No employee of an adult-oriented establishment shall allow any minor to enter, to loiter around or to frequent an adult-oriented establishment or to allow any minor to view adult entertainment as defined in this section.

3.    No licensee shall have any other license or permits for games of chance to be played or sold on that premises licensed as an adult business.

(See **Exhibit 1**, Section 10.40.050 (K)).

25.     That on October 11, 2005, Anchorage adopted the Amendments to the Code.  A copy of the Amendments are reproduced as **Exhibit 2**.

26.     That pursuant to the Amendments, section A of the definitions were amended to read as follows:

*Specified sexual activities* means simulated or actual:

a.     Showing of human genitals in a state of sexual stimulation or arousal.

b.     Acts of masturbation, sexual intercourse, sodomy, bestiality, necrophilia, sado-masochistic abuse, fellatio or cunnilingus.

c.     Fondling or [EROTIC] touching of human genitals, pubic region, buttock or female breasts.

d.     <u>The intrusion of any object into the genital or anal opening regardless of whether the act was consensual;</u>

e.     **<u>A separation of a minimum of four (4) feet shall be maintained between entertainers, dancers,  and/or strippers and patrons.</u>**

(See Exhibit 2). (Emphasis in original).[1]

27.     That Section H of the Ordinance was also amended. As amended, Section H now reads as follows:

3.     If the municipal police department, **<u>health and human services, or other department are</u>**  [IS] aware of any information bearing on the operator's qualifications, or that of the applicant's employees, that information shall be filed in writing with the municipal clerk. Approval or clearance by the municipal police department is not a prerequisite to the issuance of a license under this chapter.

4.     **<u>The Municipal Clerk may deny renewal of license or permit for any of the reasons indentified in section 10.40.050.1.</u>**

(See **Exhibit 2**). (Emphasis in original).

28.     That section I of the ordinance has also been amended. As amended, Section I now reads:

---

[1] It is believed that the items between brackets were deleted and the items underlined were added.  It is unclear why items are bolded.

1.    The municipal clerk may revoke or suspend a license or permit for any of the following reasons:

a.    Discovery that false or misleading information or data was given on any application or material facts were omitted from any application.

b.    The operator violates any provision of subsection J.1.b.2 or K of this section or any rule or regulation adopted pursuant to this section.

c.    The operator becomes ineligible to obtain a license or permit.

d.    Any cost or fee required to be paid by this section is not paid.

e.    Any intoxicating liquor or other alcoholic beverage is <u>transported unto the premises, or</u> served or <u>consumed</u> on the premises of the  adult-oriented establishment, <u>by any person, **where the licensee knew or reasonably should have known.**</u>

f.        <u>Any person under the age of eighteen is permitted to enter or remain on the premise</u>.

g.        Any of [THE LICENSEE, MANAGER OR DESIGNATED REPRESENTATIVE, IS CONVICTED OF] the following offenses are committed by any person at the location to which an adult business license has been issued:

(1)    <u>Any of the offenses described in chapter 8.65 involving or relating to prostitution.</u> [INVOLVING ANY OF THE FOLLOWING OFFENSES AS DESCRIBED IN CHAPTER 8 OF THE ANCHORAGE MUNICIPAL CODE:

(A)    ASSIGNATION FOR PROSTITUTION;

(B)    PROSTITUTION;

(C)    OFFERING TO SECURE ANOTHER FOR PROSTITUTION;

(D)    MAINTAINING A PLACE OF PROSTITUTION;

(E)    OWNING OR LEASING A PLACE OF PROSTITUTION;

(F)    COERCING ANOTHER TO BECOME A PROSTITUTE;

(G)    VIOLATION OF SECTION 8.50.010 , RELATING TO PROHIBITED PERFORMANCES AND EXHIBITIONS TO MINORS;

(H)    VIOLATION OF SECTION 8.50.020 , RELATING TO DISSEMINATING INDECENT MATERIAL TO MINORS; OR

(I)    VIOLATION OF SECTION 8.50.040 , RELATING TO SEXUAL EXPLOITATION OF MINORS.][2]

(2)    Any of the offenses described in chapter 8.50 involving sexual exhibition, dissemination of indecent material, or sexual exploitation harmful to minors; or

[THE FACT THAT A CONVICTION IS BEING APPEALED SHALL HAVE NO EFFECT ON THE REVOCATION OF THE LICENSE.]

(3)    Allowing any person on the premise to engage in any of the specified sexual activities listed in 10.40.050A.

h.    Any of the reasons set forth in Section 10.10.035 .

(See **Exhibit 2**, Section 10.40.050, (I)). (Emphasis in Original).

29.    That J of the Ordinance was also amended. As amended, Section J now reads:

3.    *Exterior.*

a.    Shall be maintained in a neutral tone to conform with surrounding building appearance.

b.    Building will be repaired and maintained in a timely manner.

c.    Fences to be maintained in conforming appearance and maintained in good condition.

d.    No adult entertainment shall be open to view from outside the licensed premise, **or broadcast to any site outside the licensed premise.** Permanent barriers shall be installed and maintained at each entrance and exit to screen the interior of the premise from public view. ~~No exterior door or window shall be propped or kept open at any time during the hours of operation. and~~ **E**[e]xterior windows shall be covered with opaque covering at all times.

(See **Exhibit 2**, Section 10.40.050, (J)). (Emphasis in Original).

30.    That Plaintiff has in the past and presently desire to operate at its licensed premises, dance entertainment which would present non-obscene live nude and semi-nude performance dance entertainment at its business location, which would, under the definitions in the ordinance, require the Plaintiff to be licensed under the Ordinance and to comply with the ordinance provision, both as originally adopted and as amended.

---

[2] Again, it is believed that the bracketed items have been deleted and the underlined items added.

31.    The ownership and lawful use of property is a right protected by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alaska.

32.    That the Ordinance is unconstitutional and in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 5, 7 and 22 of the Alaska Constitution (the "corollary rights") because it bans and or unlawfully infringes on constitutionally protected dance entertainment in Anchorage.

33.    That the definitions set forth in Ordinance 10.40.050, as originally adopted, and as amended, including the definitions of Specified Sexual Activities described in Section 10.40.050A are unconstitutionally vague and overbroad.

34.    That the Ordinance, significantly chills speech in that if fails to allow for a reasonable opportunity to open and operate a business featuring exotic entertainment by creating a ban on such establishments.

35.    That the ordinance is an unconstitutional prior restraint on constitutionally protected expression which is not supported by any evidence of "adverse secondary effects" nor does evidence exist that would support the conclusion that Plaintiff's business or other similar businesses cause any adverse secondary effects and is unconstitutional because it is arbitrary and capricious in that there is no evidence that the businesses sought to be regulated causes or creates any condition or situation (sometimes referred to as "adverse secondary effects") which may be regulated constitutionally.

36.    That the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the corollary provisions of the Alaska Constitution in that it permits the unequal regulatory treatment of similar businesses and imposes significantly greater

restrictions Plaintiff's business than others similarly situated without any rational basis in law or fact.

37.    That the Ordinance is unconstitutional because it is not the least restrictive means to correct any condition or situation which might reasonably be regulated by Anchorage.

38.    That the Ordinance, as amended, violates the Commerce Clause of the United States Constitution.

39.    That any action taken by Anchorage to enforce the above-cited provisions of the Ordinance against the Plaintiff would be taken under color of law and would deprive Plaintiff of its right to engage in constitutionally protected expression.

40.    That enforcement of the ordinance against Plaintiff would cause irreparable harm to Plaintiff for which money damages are an inadequate remedy as a matter of law.

41.    That any enforcement of the above-cited provisions of the Anchorage Ordinance would work a deprivation of Plaintiff's lawful use of its property, without due process of law and without just compensation, both under the Constitution of the State of Alaska and the Constitution of the United States of America.

## COUNT I – VIOLATION OF 42 U.S.C. 1983

42.    That Plaintiff re-alleges and re-affirms paragraphs 1 through 41 above as if fully set forth herein, word by word, and paragraph by paragraph.

43.    That the Ordinance is unconstitutional, in whole or in part, facially and/or as applied to Plaintiff, and in violation of Plaintiff's First, Fifth and Fourteenth Amendment rights and the corollary rights under the Alaska Constitution, as well as the Commerce Clause, in that:

a.     It is a prior restraint on constitutionally protected speech activities, contrary to Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and the corollary rights under the Alaska Constitution;

b.     It is overbroad in its application to constitutionally protected speech and, therefore, violates the First and Fourteenth Amendments to the United States Constitution and the corollary rights under the Alaska Constitution;

c.     It is not a content neutral law of general applicability, but rather are an impermissible content-based restriction on speech;

d.     It fails to provide the procedural guarantees required under the United States Constitution as provided for by the Supreme Court in Freedman v. Maryland, 380 U.S. 51 (1965) and FW/PBS v City of Dallas, 483 U.S. 215 (1990).

e.     There are no facts that would support the claim that an "adult cabaret," as defined in the Ordinance, which presents topless or bottomless dancing, causes any adverse secondary effects that Anchorage has a right to regulate.

f.     They violate the Supreme Court's decision in Renton v Playtime Theaters, 475 U.S. 41 (1986) and City of Los Angeles v. Alameda Books, 535 U.S. 425 (2002)  in that they fail to provide a reasonable opportunity for an adult business to open and operate and fail to provide sufficient alternative avenues for  communication;

g.     They are not narrowly tailored nor are the restrictions contained reasonably related to any legitimate and/or substantial governmental interest;

h.     The Ordinance is not supported by any evidence that the Ordinance would be effective in furthering any substantial governmental interest;

i.     It violates the Commerce Clause of the United States Constitution;

j.      It constitutes a taking of property, either actual or regulatory, without just compensation and without due process of law;

k.      It violates Plaintiff's substantive and procedural due process rights;

l.      It was not enacted upon a constitutionally sufficient basis;

m.      It attempts to impose unconstitutional conditions on one's right to engage in constitutionally protected activities;

n.      It violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corollary provisions of the Alaska Constitution by creating and permitting uneven treatment in the exercise of constitutionally protected rights and by permitting differing treatment amongst persons desiring to engage in constitutionally protected expression;

o.      The restrictions on dance entertainment are greater then those permitted by the United States Supreme Court in City of Erie v Paps A.M., 529 U.S. 277 (2000) and such further restrictions on dance entertainment in connection with constitutionally protected expression are not supported by any evidence of negative secondary effects, are a prior restraint on constitutionally protected expression and are unconstitutionally overbroad.

p.      The some or all of the definitions contained in the Ordinance are vague and facially overbroad.

q.      Impairs upon other rights not yet known, but will or may become known through the course of discovery.

44.      That any action taken by Anchorage to enforce the above-cited provisions of the Ordinance would violate Plaintiff's rights to engage in constitutionally protected speech and expression and to engage in a lawful occupation, contrary to the First, Fifth, and Fourteenth Amendment rights to the United States Constitution, the Commerce Clause, and the corollary

rights of the Alaska Constitution and would result in a taking of property without due process of law and without just compensation.

45.     That any and all past and future actions taken by Anchorage to enforce the above-cited provisions of the Ordinance against the Plaintiff has/would be taken under color of law and will deprive the Plaintiff of its federal and state constitutional rights as set forth herein for which damages are irreparable as a matter of law.

46.     Plaintiff has a substantial likelihood of success on the merits of its constitutional claims, the public interest weighs in favor of preventing deprivation of Plaintiff's Constitutional rights, and any balancing of harms between the parties weighs in favor of Plaintiff and against Anchorage in any attempt to enforce clearly unconstitutional law.

## COUNT II – DECLARATORY RELIEF

47.     Plaintiff incorporates by reference, as if set forth herein at length, paragraphs 1 through 46 above.

48.     This Court has the authority to declare the rights and other legal relations of the parties hereto and in accordance with the interests of justice should do so in this matter.

49.     This Court should declare that the above-cited provisions of the Ordinance are unconstitutional, in whole or in part, facially and/or as applied to Plaintiff, and are in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights and their corollary rights under the Alaska Constitution, as well as the Commerce Clause, in that:

a.     It is a prior restraint on constitutionally protected speech activities, contrary to Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and the corollary rights under the Alaska Constitution;

b.      It is overbroad in its application to constitutionally protected speech and, therefore, violates the First and Fourteenth Amendments to the United States Constitution and the corollary provisions of the Alaska Constitution;

c.      It is not a content neutral law of general applicability, but rather are an impermissible content-based restriction on speech;

d.      It fails to provide the procedural guarantees required under the United States Constitution as provided for by the Supreme Court in <u>Freedman v. Maryland</u>, 380 U.S. 51 (1965) and <u>FW/PBS v City of Dallas</u>, 483 U.S. 215 (1990).

e.      There are no facts that would support the claim that an "adult cabaret," as defined in the ordinance, which presents topless or bottomless dancing causes any adverse secondary effects that Anchorage has a right to regulate.

f.      They violate the Supreme Court's decision in <u>Renton v Playtime Theaters</u>, 475 U.S. 41 (1986) and <u>City of Los Angeles v. Alameda Books</u>, 535 U.S. 425 (2002)  in that they fail to provide a reasonable opportunity for an adult business to open and operate and fails to provide sufficient alternative avenues for  communication;

g.      They are not narrowly tailored nor are the restrictions contained reasonably related to any legitimate and/or substantial governmental interest;

h.      The Ordinance is not supported by any evidence that the Ordinance would be effective in furthering any substantial governmental interest;

i.      It violates the Commerce Clause of the United States Constitution;

j.      It constitutes a taking of property, either actual or regulatory, without just compensation and without due process of law;

k.      It violates Plaintiff's substantive and procedural due process rights;

l.      It was not enacted upon a constitutionally sufficient basis;

m.      It attempts to impose unconstitutional conditions on one's right to engage in constitutionally protected activities;

n.      It violates the equal protection clause of the Fourteenth Amendment to the United States Constitution by creating and permitting uneven treatment in the exercise of constitutionally protected rights and by permitting differing treatment amongst persons desiring to engage in constitutionally protected expression; and

o.      The restrictions on dance entertainment are greater then those permitted by the United States Supreme Court in City of Erie v Paps A.M., 529 U.S. 277 (2000) and such further restrictions on dance entertainment in connection with constitutionally protected expression are not supported by any evidence of negative secondary effects, are a prior restraint on constitutionally protected expression and are unconstitutionally overbroad.

p.      The some or all of the definitions contained in the Ordinance are vague and facially overbroad.

q.      Impairs other rights not yet known, but will or may become known through the course of discovery.

50.     That this Court should declare that Ordinance 10.40.050 is void and an unenforceable Ordinance against this Plaintiff denying Plaintiff its constitutionally protected rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, the Commerce Clause, and the corollary provisions of the Alaska Constitution.

51.     That any action taken by Anchorage to enforce the above-cited provisions of the Ordinance would violate Plaintiff's rights to engage in constitutionally protected speech and expression and to engage in a lawful occupation, contrary to the First, Fifth, and Fourteenth

Amendment rights to the United States Constitution, and the corollary rights of the Alaska Constitution and would result in a taking of property without due process of law and without just compensation.

52.    That any and all past and future actions taken by Anchorage to enforce the above-cited provisions of the Ordinance against the Plaintiff has/would be taken under color of law and will deprive the Plaintiff of its federal and state constitutional rights as set forth herein for which damages are irreparable as a matter of law.

53.    Plaintiff has a substantial likelihood of success on the merits of its constitutional claims, the public interest weighs in favor of preventing deprivation of Plaintiff's Constitutional rights, and any balancing of harms between the parties weighs in favor of Plaintiff and against Anchorage in any attempt to enforce clearly unconstitutional law.

## COUNT III – INJUNCTIVE RELIEF

54.    Plaintiff incorporates by reference, as if set forth herein at length, paragraphs 1 through 53 above.

55.    That for the reasons set forth herein and to prevent Plaintiff from suffering a loss of its Federal and State Constitutional rights as described within the body of this Complaint for which a loss of such rights is irreparable as a matter of law, Plaintiff requests the following injunctive relief:

a.    The entry of a temporary restraining order, and thereafter a preliminary and permanent order of this Court enjoining and restraining Anchorage, its agents, servants and employees and/or others acting in active concert with them from enforcing Ordinance 10.40.050 against Plaintiffs herein;

b.    The entry of an Order precluding the City of Anchorage and its agents, servants, employees, and/or others active in active concert with them from taking any action to interfere with Plaintiff's use of its Property  for the presentation of topless and/or bottomless dancing as that term is defined by Ordinance 10.40.050;

c.      The entry of such further and additional injunctive and/or equitable relief that this Court deems just and proper to prevent a deprivation of Plaintiff's Constitutional rights.

## COUNT IV – STATE LAW CLAIMS

56.      Plaintiff incorporates by reference, as if set forth herein at length, paragraphs 1 through 54 above.

57.      That for the reasons previously set forth herein, Ordinance 10.40.050 violates the free speech, free association, due process, equal protection, and taking provisions of the Alaska Constitution, including but not limited to the provisions of Article I, Sections 5, 7 and 22 for the reasons set forth in this Complaint.

## COUNT V- DAMAGES

58.      That Plaintiff has suffered damages as a direct and proximate cause of depravation of its civil liberties as a result of the official policies of Anchorage, as described within the body of this Complaint.

59.      That pursuant to 42 U.S.C. 1983, et. seq. the Plaintiff is entitled to recover those actual damages incurred as a direct and proximate result of the depravation of its rights, privileges, and immunities, including but not limited to the following damages:

a.      Loss of Income
b.      Loss of Business
c.      Loss of Profits
d.      Deprivation of Plaintiff's  Constitutional Rights
e.      Other losses and damages not yet known.

## COUNT VI – ATTORNEY FEES PURSUANT TO 42 U.S.C. 1988

60.      Plaintiff incorporates by reference, as if set forth herein at length, paragraphs 1 through 58 above.

61.      Plaintiff, as the prevailing party in this matter is entitled to its reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff asks this Court for entry of the following relief:

    a.   Granting a temporary restraining order and thereafter a preliminary and permanent injunctive relief against the enforcement by the City of Anchorage or any agent thereof, of Ordinance 10.40.050 against Plaintiff;

    b.   Declaring that Ordinance 10.40.050 is unconstitutional, both facially and as applied;

    c.   Enter an Order granting the declaratory relief requested by Plaintiff;

    d.   Granting Plaintiff its reasonable costs and attorneys' fees incurred in the prosecution of its claims in this matter;

    e.   Enter an Order prohibiting the City of Anchorage from taking any action to further interfere with Plaintiff's lawful operation of its business; and

    f.   Awarding any and all damages suffered as a result of the unlawful actions of the Defendants.

    g.   Any further and necessary relief that this Court believes is necessary to prevent a violation of Plaintiff's Constitutional Rights.

                Respectfully Submitted,

Dated: _____        _____

                          *One of its Attorneys*

Kenneth P. Jacobus
Kenneth P. Jacobus, P.C.
310 K Street, Suite 200
Anchorage, AK 99501-2064
(907) 277-3333 – Phone
(907) 264-6666 - Fax
kpjlaw@yahoo.com
Local Counsel for Plaintiff

Allan S. Rubin*
Draper & Rubin, P.L.C.
29800 Telegraph Road
Southfield, Michigan 48034
(248) 358-9400 – Phone
(248) 358-9729 – Fax
allan@draper-rubin.com
Attorneys for Plaintiff
*subject to admission Pro Hac Vice

## VERIFICATION IN SUPPORT OF COMPLAINT

The Undersigned, an adult duly competent to testify, does hereby state that I am an

Officer of the above corporation, have personal knowledge of the facts stated in this complaint,

and hereby swear that the facts set froth herein are true and correct to the best of my information,

knowledge and belief.

_____
Name:

Subscribed and sworn to before me
this ___ day of October, 2005.

_____
Notary Public, State of Alaska
Acting in and for the County of
_____
My Commission Expires: