Thomas M. McDermott
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
Fax:  (907) 343-4550
E-mail:  uslit@muni.org

Attorney for Defendants
Municipality of Anchorage

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SANDS NORTH, INC., d/b/a FANTASIES ON 5TH AVENUE, an Alaskan Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE, ALASKA, an Alaskan Municipal Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District No. 3:05-cv-00256 (TMB)

**REPLY IN SUPPORT OF
MUNICIPALITY'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

**I.   Introduction**

The Municipality has filed two dispositive motions in this case: in a separate motion (the motion for summary judgment) the Municipality discussed at length the core claims in this case, dealing with freedom of expression, freedom of association, equal protection, and the Dormant Commerce Clause.  By contrast, this motion argued that

aside from the aforementioned core claims, the rest of Plaintiff's Complaint was junk pleading that lacked any serious legal support.

Plaintiff's Opposition proves the Municipality correct. Most of the argument in the Plaintiff's Response to the Defendant's Motion for Judgment on the Pleadings is just reiteration of the arguments in the summary judgment briefing. The opposition to this motion only raises five arguments that are new. Those are:

1) that AMC 10.40.050 is a prior restraint;

2) that AMC 10.40.050.K makes sands North liable for acts of its employees;

3) the civil disability provisions in AMC 10.40.050.D.1.b.2. are unconstitutional;

4) that Fantasies has been deprived of a "reasonable opportunity to open and operate"; and

5) that the ordinance is a regulatory taking of property under Fifth Amendment doctrine.

All of these arguments lack merit. The Municipality is entitled to judgment on the pleadings as to the issues raised in this motion.

## II. Discussion:

**<u>Sands North's prior restraint claim fails, because Sands North already has already obtained a license, with no interference or delay.</u>**

Sands North's prior restraint claim fails for two reasons. First, as a jurisdictional issue, Sands North has failed to allege any injury, and therefore lacks standing. The case that controls is *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596 (1990).

> It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather "must

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 2 of 7

>affirmatively appear in the record. And it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. Thus, petitioners in this case must allege facts essential to show jurisdiction. If they fail to make the necessary allegations, they have no standing.

*Id*. 493 U.S. at 231, 110 S.Ct. at 608 (citations and quotation marks omitted). Where the plaintiff cannot show that they have been or would be prevented from obtaining a license, they have no standing to bring a prior restraint claim. *Id*. 493 U.S. at 233, 110 S.Ct. at 609.

Second, as a substantive issue, Sands North has failed to show that AMC 10.40.050 is an unconstitutional prior restraint. This issue is controlled by *City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 124 S.Ct. 2219 (2004). A licensing scheme that regulates adult businesses will not be deemed a prior restraint where 1) ordinary court procedural rules and practices provide reviewing courts with judicial tools sufficient to avoid delay-related First Amendment harm; 2) there is no reason to doubt state judges' willingness to exercise these powers wisely so as to avoid serious threats of delay-induced First Amendment harm; and 3) the ordinance does not seek to censor material, but instead applies reasonably objective, nondiscretionary criteria unrelated to the content of the expressive materials that an adult business may sell or display. *Id.*, 541 U.S. at 774-5, 124 S.Ct. at 2220-21.

Alaska law agrees with this general principle. Under Alaska law, "advance license provisions are valid if they provide that the licensor will, within a specific brief period,

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 3 of 7

either issue a license or go to court." *Caucus Distributors, Inc. v. State, Div. of Banking, Securities and Corporations*, 793 P.2d 1048, 1058 n.8 (Alaska 1990).

Plaintiff does not allege that it has been or would be denied a license, so it lacks standing to raise a prior restraint claim. AMC 10.40.050 complies with the criteria established in *City of Littleton, Colo. v. Z.J. Gifts*, so the prior restraint claim fails on the merits as well.

### The allegation that AMC 10.40.050 makes Sands North liable for the acts of its employees fails to state an actionable claim.

Although Sands North alleges that AMC 10.40.050 makes the licensee liable for acts of its employees, this is not a legally cognizable injury under federal or state law. First, Sands North is a corporation, which can *only* act through its officers, agents, and employees, so a rule imputing liability based on that fact is not a novel legal concept. Under common law doctrine of *respondeat superior*, Sands North is liable for the acts of its employees, and always has been. More important, the operator of an adult business does not have a constitutional right to either conduct criminal activities or turn its back while its employees conduct criminal activities on its premises. *Koziara v. City of Casselberry*, 239 F.Supp.2d 1245, 1258 n.22 (M.D.Fla. 2002). Sands North's liability for acts of its employees fails to state a claim for which relief can be granted.

### The Plaintiff lacks standing to challenge the civil disability provisions in AMC 10.40.050.D.1.b.2.; this claim also fails on the merits.

Sands North lacks standing to challenge the civil disability provisions in AMC 10.40.050, because it does not allege that any of its employees have committed the

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 4 of 7

requisite offense to trigger that provision.  An adult business does not have standing to challenge civil-disability provisions where there is no allegation that the person or entity applying for the permit is subject to the disability provisions.  See *Deja Vu of Cincinnati, L.L.C. v. Union Tp. Bd. of Trustees*, 411 F.3d 777, 794 (6th Cir. 2005).  This claim also fails on the merits.  In *City of Littleton*, the Court held that an ordinance that, *inter alia,* required denial of a license to operate an adult entertainment business where the applicant "has been convicted of certain crimes within the prior five years" was constitutional, because it "does not seek to *censor* material." *Id.,* 541 U.S. at 783, 124 S.Ct. 2219 (emphasis in the original).  Sands North's challenge to the civil disability provisions in AMC 10.40.050 fails to state a claim.

### Fantasies has not been deprived of a "reasonable opportunity to open and operate"; this claim fails.

The assertion that Fantasies has been denied a "reasonable opportunity to open and operate" is false as a matter of fact, and invalid as a matter of law.  This claim is factually deficient, because Sands North does not allege that Fantasies has been or will be forced to close.  To the contrary, Sands North admits in its pleadings that Fantasies is open and operating.

This claim is legally deficient as well.  The test for determining whether an adult business has a reasonable opportunity to open and operate is described in terms of market access.  The test is whether a business *could* operate under the regulations at issue, not whether a particular business will be able to compete successfully within the market. *Spokane Arcade, Inc. v. City of Spokane,* 75 F.3d 663, at 666 (9th Cir.1996).  In the

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 5 of 7

absence of any absolute bar to the market it is irrelevant whether a regulation will result in lost profits, higher overhead costs, or even prove to be commercially unfeasible for an adult business. *Id.* (citation omitted).

Obviously Fantasies *could* operate under the current regulations, because Fantasies admittedly *is* doing so. Plaintiff's "reasonable opportunity to open and operate" claim fails for lack of standing, and lack of merit.

**Plaintiff's regulatory taking claim fails to state a prima facie case**.

Plaintiff's regulatory taking claim fails, because it has failed to allege that its property interest has been affected. This exact argument was rejected in *Gammoh v. City of La Habra*, 395 F.3d 1114, at 1122 (9th Cir. 2005). The court noted "Appellants have not here pointed to a 'property interest' interfered with by the City of La Habra's regulation of the dancers' conduct." *Id*. The court also noted that potential loss of income did not effect a taking, where the Appellants could not show any vetsted right to hat income. *Id*. at n.4.

As in *Gammoh*, Sands North has failed to allege that any of its property has been affected. It certainly does not own the dancers, nor has it alleged any proprietary right to the dances they perform. Sands North has failed to plead an actionable takings claim.

### III.    Conclusion

Sands North's allegations concerning prior restraint, respondeat superior liability, civil disability provisions, "reasonable opportunity to open and operate", and regulatory

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 6 of 7

taking all fail to state claims for which relief can be granted. Accordingly, this Court should grant the Municipality's motion for judgment on the pleadings

Respectfully submitted this 3rd day of November, 2006.

                                                          JAMES N. REEVES
                                                        Municipal Attorney

By:   s/ Thomas M. McDermott
      Assistant Municipal Attorney
      P.O. Box 196650
      Anchorage, AK  99519-6650
      (907) 343-4545
      (907) 343-4550 – fax
      uslit@muni.org
      Alaska Bar No. 9910050

The undersigned hereby certifies that on November 3, 2006 a true and correct copy of the *Reply in Support of Motion for Judgment on the Pleadings* was served on:

- Kenneth P. Jacobus
- Allan S. Rubin

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing

s/ Patricia A. Karella
Patricia A. Karella, Legal Secretary
Municipal Attorneys Office

Reply in Support of Motion for Judgment on the Pleadings
Sands North v. MOA  3:05-cv-00256 (TMB)
Page 7 of 7